# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JONATHAN HERNANDEZ,
        Petitioner,

v.

LOUIS S. FOLINO, et al.,
        Respondents.

CIVIL ACTION NO. 13-3515

## ORDER

**AND NOW**, this 2nd day of November 2018, upon careful and independent consideration of the Petition for Writ of Habeas Corpus, the response, the reply, the supplemental response, and available state court records, and after review of the Report and Recommendation of United States Magistrate Judge David R. Strawbridge [Doc. No. 28], it is hereby **ORDERED** that:

1. The Report and Recommendation is **APPROVED** and **ADOPTED**[1];
2. The Petition for Writ of Habeas Corpus is **DISMISSED with prejudice** and without an evidentiary hearing;
3. There is no cause to issue a certificate of appealability[2]; and
4. The Clerk of Court is directed to **CLOSE** the case.

It is so **ORDERED.**

        BY THE COURT:

        /s/ Cynthia M. Rufe

        _____

        **CYNTHIA M. RUFE, J.**

---

[1] The Court agrees with the R&R that Petitioner's § 2254 petition be dismissed. Petitioner's *Miller* claim, asserted in Ground One, is now moot because the state court has already vacated Petitioner's mandatory life sentences and remanded the case to the Philadelphia Court of Common Pleas for resentencing. The ineffective assistance of counsel claim, asserted in Ground Two, is untimely because Petitioner filed his habeas petition more than four years after the limitations period expired and has not come forward with any allegations or evidence to excuse his untimely filing. 28 U.S.C. § 2244(d). Therefore, Petitioner's § 2254 petition will be dismissed.

[2] *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)